OPINION
{¶ 1} Appellant, Lisa F. Breckenridge ("Lisa"), appeals the September 9, 2003 judgment entry of the Geauga County Court of Common Pleas denying her Civ.R. 60(B) motion for relief from judgment. Lisa seeks to vacate the March 14, 2003 judgment entry granting her a divorce from appellee, Donn E. Breckenridge ("Donn"), on the grounds of incompatibility. Lisa challenges the trial court's division of property. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} Lisa and Donn married on November 19, 1994. On November 4, 2002, Lisa filed a complaint for divorce. On March 14, 2003, the matter came on for hearing before the trial court. The court granted the divorce and adopted the parties' separation agreement. The separation agreement provided, in relevant part, as follows: "that the plaintiff [Lisa] shall have as her sole property * * * the real estate known as 14760 Aspen Hills Lane, Burton, Ohio 44024. The plaintiff shall indemnify and hold the defendant [Donn] absolutely harmless from any loss, claim or liability in any manner connected with any obligations in connection with said real estate including, but not limited to the Principal residential mortgage * * *. Within two (2) months of the date of the filing of this Judgment Entry, the plaintiff shall pay off or refinance the Principal residential mortgage. * * * [T]he defendant shall timely pay the Principal Residential Mortgage payments due on or before March 31, 2003 * * *. * * * [E]xcept as otherwise provided for herein, each party hereto completely and forever releases the other from any and all rights or claims they have or may have had against the other except as specifically provided for herein." The separation agreement was prepared by Lisa's attorney and the agreement was approved and signed by all parties and their attorneys.
 {¶ 3} Lisa and Donn prepared and filed a 2002 joint income tax return. Donn received federal and state refund checks from the filing of this return in the amount of $3,041.00. These checks were made payable jointly to both parties. Donn deposited the checks into his own account.
 {¶ 4} The Principal Residential Mortgage referenced in the court's judgment entry was in Donn's name only. Through this mortgage, money was set aside in an escrow account for the payment of property taxes on the Aspen Hills Lane property. In accord with the March 14, 2003 judgment entry, Lisa refinanced the mortgage on this property in her own name. As a result, Donn received a refund from the real estate tax escrow account in the amount of $980. Donn deposited this check into his own account.
 {¶ 5} On June 18, 2003, Lisa filed a Civil Rule 60(B) motion for relief from judgment on the grounds that the March 14, 2003 judgment entry did not address the 2002 income tax refunds or the real estate tax escrow refund. A hearing was held on Lisa's motion before a magistrate of the Geauga County Court of Common Pleas. The magistrate issued a decision denying the motion and finding that Lisa had failed to show that she is entitled to relief on the grounds set forth in Civ.R. 60(B). Lisa duly filed objections to the magistrate's decision. On September 9, 2003, the trial court issued its judgment entry adopting the magistrate's decision. Lisa timely brings error.
 {¶ 6} Lisa raises two assignments of error:
 {¶ 7} "[1.] As a matter of law the trial court erred in denying plaintiff's motion for relief from judgment pursuant to Civil Rule 60(B).
 {¶ 8} "[2.] The trial court failed to rule on Appellant's Objection No. 6 to the Magistrate's Decision."
 {¶ 9} The Ohio Supreme Court set forth the standard for granting a Civ.R. 60(B) motion as follows: "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The Supreme Court has made clear that the movant must meet all three criteria to be entitled to relief. A timely motion may not be granted solely because the movant has a meritorious defense. "[T]he movant must demonstrate that he is entitled to relief under one of the grounds stated in Civ.[R.] 60(B)(1) through (5)." Id. at 151. While Civ.R. 60(B) is a remedial rule and, therefore, is to be construed liberally, the trial court must bear in mind that the rule attempts to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." Colley v. Bazell
(1980), 64 Ohio St.2d 243, 248, citing 11 Wright Miller, Federal Practice Procedure 140, Section 2851, quoted inDoddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 12.
 {¶ 10} The decision to grant or deny a Civ.R. 60(B) motion is entrusted to the sound discretion of the trial court. In reWhitman, 81 Ohio St.3d 239, 242, 1998-Ohio-466, citing Griffeyv. Rajan (1987), 33 Ohio St.3d 75, 77. A trial court abuses its discretion when it makes a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 11} In the present case, Lisa argues that she is entitled to relief from judgment on the grounds of mistake under Civ.R. 60(B)(1). We agree with the trial court and magistrate that Lisa has failed to establish that she is entitled to relief on this ground. Typically, courts will grant relief for mistake when the mistake is a mutual mistake shared by both parties as to a material fact of the case. Irwin v. Irwin (Sept. 27, 1996), 11th Dist. No. 95-L-102, 1996 Ohio App. LEXIS 4210, at *15 (citation omitted). For example, where the trial court finds that the parties intend to effect an equal division of marital assets but that this goal has been frustrated by a mathematical calculation, the court is justified in granting relief from judgment. Krysa v. Sieber (1996), 113 Ohio App.3d 572, 578. Or when the parties have mistakenly stipulated to the amount of one of the party's income, the resulting judgment is the result of a mutual mistake which warrants relief. Goode v. Goode (1993),89 Ohio App.3d 405, 411.
 {¶ 12} In the present case, there was no mutual mistake regarding the tax refunds because the parties never reached an agreement regarding their disposition. Both parties were aware that the 2002 income tax return had not been filed when the court adopted their separation agreement. Donn testified that he had discussed the possibility of filing separate returns with Lisa's attorney during settlement negotiations, but the 2002 tax return was not made part of the final settlement. Likewise, both parties were aware of the Principal Residential Mortgage because it was expressly referenced in the settlement agreement. The possibility of a real estate tax refund when the mortgage was refinanced, however, was not discussed. There was no suggestion of fraud or misrepresentation. Nor was there a mutual mistake regarding the tax refunds. Neither was there evidence that both parties intended to address and resolve this problem. The inclusion of the hold harmless clause, and the absolute release of all liability and claims clause emphasizes the point that no domestic settlement agreement is likely to address every possible future contingency.
 {¶ 13} When a divorce decree incorporating a settlement agreement fails to dispose of certain assets through the inadvertence or oversight of the parties or their attorneys, the courts are reluctant to disturb the final judgment. As this court has recognized in a similar situation, "the courts of this state have generally held that relief from the decree will not be granted when the alleged `mistake' was merely a unilateral mistake on the part of one party or her counsel." Irwin,
1996 Ohio App. LEXIS 4210, at *13; see, also, Cook v. Cook (Aug. 3, 2001), 11th Dist. No. 2000-P-0057, 2001 Ohio App. LEXIS 3448, at *10-*11 (party agreed to settlement dividing marital property by parcel rather than actual acreage); Hytree v. Hytree (June 10, 1994), 11th Dist. No. 93-L-036, 1994 Ohio App. LEXIS 2544, at *7-*8 (party failed to have marital property properly valued prior to signing settlement agreement); In re Wise (1988),46 Ohio App.3d 82, 83-84 (party drafting settlement agreement failed to include the other party's military pension). In these situations, the party alleging the mistake "must show why he was justified in failing to avoid mistake or inadvertence[;] [g]ross carelessness is insufficient." Galley v. Galley (May 18, 1994), 1st Dist. Nos. 93-CA-31 and 93-CA-32, 1994 Ohio App. LEXIS 2105, at *11 (citation omitted); cf. Najarian v. Kreutz (Aug. 31, 2001), 6th Dist. No. L-00-1302, 2001 Ohio App. LEXIS 3887, at *9, quoting Walther v. Walther (1995), 102 Ohio App.3d 378, 383
("[n]either a change of heart nor poor legal advice is a ground to set aside a settlement agreement").
 {¶ 14} Alternatively, Lisa argues that she was entitled to relief from judgment under Civ.R. 60(B)(5), which provides that relief may be granted for "any other reason justifying relief from judgment." Again, we disagree. The Ohio Supreme Court has described Civ.R. 60(B)(5) as a "catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment." Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, paragraph one of the syllabus. "The grounds for invoking Civ.R. 60(B)(5) should be substantial." Id. at paragraph two of the syllabus. Moreover, the "catch-all" provision "is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." Id. at paragraph one of the syllabus. A court may not grant a motion based on Civ.R. 60(B)(5) when that motion was considered and properly overruled on Civ.R. 60(B)(1) grounds. Id. at paragraph three of the syllabus. Here, Civ.R. 60(B)(5) is inapplicable since Lisa's motion is properly considered under Civ.R. 60(B)(1), covering mistake, inadvertence, and excusable neglect.
 {¶ 15} Lisa has not set forth any reason justifying the failure to provide for the division of tax refunds in the settlement agreement beyond simple neglect and oversight. It is well-settled that these grounds do not justify relief. See, e.g.,Stegall v. Stegall (May 25, 2000), 3rd Dist. No. 2-2000-02, 2000 Ohio App. LEXIS 2251, at *6-*7 (relief not granted where property was undervalued in settlement agreement where the actual value could have been determined by due diligence);Swartzentruber v. Swartzentruber (Mar. 27, 1991), 9th Dist. Nos. 2580 and 2583, 1991 Ohio App. LEXIS 1260, at *3-*4 (relief would not be granted where movant was aware of the nature, extent and value of the marital assets when she entered into the settlement agreement). Moreover, we are mindful, as was the court below, of the language contained in the judgment that Lisa agreed to hold Donn "absolutely harmless from any loss, claim or liability in any manner connected with any obligations in connection with * * * the Principal residential mortgage" and that both parties agreed to "completely and forever release the other from * * * any claims they have or may have had against the other." For the foregoing reasons, we hold that the trial court did not abuse its discretion in overruling Lisa's motion for relief from judgment. Lisa's first assignment of error is without merit.
 {¶ 16} Under her second assignment of error, Lisa argues that the trial court's failure to specifically rule on her sixth objection to the magistrate's decision deprives this court of jurisdiction of the appeal. In her sixth objection, Lisa argues that the magistrate erred by not making a finding that Donn, at the hearing on Lisa's motion, had agreed to pay Lisa one-half of the income tax refunds. Therefore, Lisa claims that the trial court's judgment is not a final, appealable order. Mathers v.Mathers (Mar. 31, 1992), 11th Dist. No. 91-G-1647, 1992 Ohio App. LEXIS 1635, at *3 (citation omitted) ("[t]his court has consistently held where a judgment entry does not dispose of a party's timely objections, such an entry is interlocutory and is not a final appealable order").
 {¶ 17} The trial court's judgment entry approving the magistrate's decision notes that the court has read Lisa's objections to that decision, but that the court agrees with the magistrate that Lisa has not met her burden of establishing that she is entitled to relief. Lisa's sixth objection asserts a defense to the judgment from which she seeks relief. The trial court did not find that Lisa lacked a meritorious defense. Rather, it found that Lisa was not entitled to relief under Civ.R. 60(B). Accordingly, it was not necessary for the trial court to directly address Lisa's sixth objection. Moreover, the court pointed out that there was no evidence that the 2002 income tax return had been filed prior to the final divorce hearing on March 14, 2003. The court concluded that "[t]he subsequent filing of a joint tax return and the eventual refund of sums that had been withheld would not be appropriate subjects of a motion for relief from judgment." We hold that the trial court adequately disposed of the substance of Lisa's sixth objection. The second assignment of error is without merit.
 {¶ 18} For the foregoing reasons, we affirm the judgment of the Geauga County Court of Common Pleas.
Judgment affirmed.
Christley and O'Neill, JJ., concur.