PER CURIAM OPINION
{¶ 1} This action in procedendo is presently before this court for consideration of the motion to dismiss of respondent, Judge Ronald W. Vettel of the Ashtabula County Court of Common Pleas. As the sole basis for this motion, respondent contends that the merits of this action are moot because he has already performed the specific act which relator, Adam Noble, II, seeks to compel. For the following reasons, we conclude that the motion to dismiss is well taken.
 {¶ 2} In bringing the instant case, relator sought the issuance of a writ to compel respondent to rule upon a motion he had filed in an underlying criminal proceeding. In support of his request for this relief, relator alleged the following facts in his petition: (1) approximately three years ago, relator was convicted of certain criminal offenses in Ashtabula C.P. No. 02-CR-129; (2) respondent was the presiding judge during relator's trial; (3) in April 2003, relator filed a petition for postconviction relief in the underlying case; and (4) during the eighteen months which elapsed after the submission of his petition, respondent did not render a judgment on the matter.
 {¶ 3} In now moving to dismiss relator's claim, respondent asserts that, nearly three weeks prior to the filing of the instant action, he rendered a written decision regarding the merits of relator's postconviction petition. In support of this assertion, respondent has attached to his motion a copy of a judgment entry which was issued on October 8, 2004. A review of this document indicates that respondent expressly denied the postconviction petition on the grounds that: (1) relator had failed to submit any evidential materials with the petition; and (2) relator's various arguments were barred under res judicata.
 {¶ 4} Although relator has been given an ample opportunity to challenge the foregoing assertions, he has never submitted a response to the motion to dismiss. As a result, the authenticity of the document attached to respondent's motion has not been contested. Furthermore, our review of the judgment entry readily shows that it fully disposes of relator's petition for postconviction relief. Accordingly, the materials before us are sufficient to demonstrate that the merits of relator's procedendo petition are indeed moot because respondent has completed his official duty in regard to the postconviction petition.
 {¶ 5} In considering the merits of prior procedendo petitions, this court has stated that such a writ will not lie when the judge in the underlying case has already completed the judicial act or duty which is the subject matter of the petition. See Stychno v. Yarbrough (Oct. 15, 1999), 11th Dist. No. 99-T-0101, 1999 Ohio App. LEXIS 4874; Smith v.Kainrad (May 16, 1997), 11th Dist. No. 96-P-0247, 1997 Ohio App. LEXIS 2134. In addition, this court has held that, when a motion to dismiss is based upon the grounds of mootness, we can review evidential materials which normally would not be proper in the context of a Civ.R. 12(B)(6) motion; that is, the moving party can establish the mootness of an issue through extrinsic evidence. State ex rel. Robinson v. McKay, 11th Dist. No. 2001-T-0125, 2002-Ohio-630.
 {¶ 6} Pursuant to the forgoing analysis, this court concludes that the merits of relator's procedendo petition are moot because respondent has performed the exact act which was the subject matter of the petition. Therefore, respondent's motion to dismiss is granted. It is the order of this court that relator's entire procedendo petition is hereby dismissed as moot.
Ford, P.J., O'Neill, J., Grendell, J., concur.