OPINION
{¶ 1} Defendant, State Farm Insurance Company ("State Farm"), appeals from a judgment of the court of common pleas granting Plaintiff, Ruby Stewart's, Civ. R. 60(B) motion to vacate a Civ. R. 41(A) notice she had filed dismissing an action against State Farm.
 {¶ 2} On July 14, 2003, Stewart commenced an action against Vanetta Heard on a claim for personal injuries arising out of an automobile accident, and against Stewart's own insurer, State Farm, on a claim for uninsured motorist coverage Stewart's policy provided.
 {¶ 3} On September 23, 2003, Stewart filed a notice of voluntary dismissal of her claims for relief pursuant to Civ. R. 41(A)(1)(a), dismissing her claims with prejudice. The terms "with prejudice" appeared both in the caption of the filing and the body of the notice. The notice was prepared and signed by Stewart's attorney.
 {¶ 4} On September 24, 2004, Stewart filed a motion to vacate her notice of dismissal pursuant to Civ. R. 60(B)(1), claiming that instead of "without prejudice," her notice of dismissal was styled "with prejudice" due to mistake, inadvertence, or excusable neglect on her counsel's part, and requesting an evidentiary hearing. The trial court granted the motion on October 4, 2004, without a hearing.
 {¶ 5} State Farm filed a timely notice of appeal, and presents three assignments of error for review. Stewart has not filed a brief in response.
FIRST ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED BY HOLDING THAT THE PLAINTIFF-APPELLEE IS ENTITLED TO RELIEF UNDER CIV.R. 60(B)(1) DUE TO EXCUSABLE NEGLECT."
 {¶ 7} "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElec. Inc v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the Syllabus by the Court.
 {¶ 8} Civ. R. 60(B) provides:
 {¶ 9} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect."
 {¶ 10} A trial court's determination of a motion for relief from judgment is discretionary, and will not be reversed absent an abuse of discretion. Strack v. Pelton, 70 Ohio St.3d 172, 174, 1994-Ohio-107. An abuse of discretion is a decision that is arbitrary, unreasonable, or unconscionable in nature. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. Because Civ. R. 60(B) is remedial in nature, courts should liberally interpret motions for relief so that a case may be decided on the merits. Colley v. Bazell (1980), 64 Ohio St.2d 243, 248.
 {¶ 11} Stewart's Civ. R. 60(B) motion was supported by a five-page memorandum and an affidavit of her attorney. In his affidavit, counsel states that a motion for summary judgment State Farm had filed in the prior proceeding revealed the need for further investigation of Stewart's claim, and that in order to do that Stewart agreed that counsel should dismiss the action in a way that would allow it to be refiled within one year, adding:
 {¶ 12} "9. It was never my intent to file a voluntary dismissal with prejudice. Nevertheless, through inadvertence and/or excusable neglect, I signed a voluntary dismissal with prejudice. Same was filed on or about September 25, 2003.
 {¶ 13} "10. At the time the voluntary dismissal entry was signed, I was involved in preparation and/or the conduct of depositions, client appointments, drafting motions and memoranda as well as the normal press of business."
 {¶ 14} In granting Stewart's Civ. R. 60(B)(1) motion, the trial court held: "this Court finds that Counsel's failure to properly style Plaintiff's voluntary dismissal as a dismissal without prejudice does not rise to the level of a complete disregard of the judicial system or the rights of State Farm, but only to mistake, inadvertence and/or excusableneglect. Plaintiff has established that she is entitled to relief under Civ. R. 60(B)." Decision, p. 6. (Emphasis supplied).
 {¶ 15} The "complete disregard of the judicial system" standard to which the court referred was applied to the excusable neglect grounds in Civ.R 60(B)(1) in Kay v. Marc Glassman, Inc., 76 Oho St.3d 18, 1996-Ohio-430. State Farm points out that in that case, and in the other precedents on which Stewart's Civ. R. 60(B)(1) motion relied, an attorney's excusable neglect was inaction or omission to act. Here, on the other hand, counsel for Stewart had drafted and signed the notice of dismissal, which portrays a positive and deliberative act on his part. Therefore, and because Civ. R. 11 imposes a duty to read any document he signs, counsel's averments fail to portray excusable neglect for purposes of Civ. R. 60(B)(1).
 {¶ 16} "The term `excusable neglect' is an elusive concept which has been difficult to define and to apply." Kay v. Marc Glassman, Inc., at p. 20. "[A]ll of the surrounding facts and circumstances must be considered, and courts must be mindful of the admonition that cases should be decided on their merits where possible, rather than on procedural grounds." Barksdale v. Murtis H. Taylor Multi Services Ctr.,
Cuyahoga Dist No. 82540, 2003-Ohio-5653, at ¶ 13. The party attempting to demonstrate that relief should be granted due to excusable neglect must make a prima facie showing that the ends of justice will be better served by setting the judgment aside. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 21.
 {¶ 17} State Farm is correct that the concept of excusable neglect by an attorney typically involves an omission instead of the form of positive act portrayed here. However, even were we to agree that the trial court abused its discretion in finding excusable neglect, which is the particular contention State Farm makes, we would not reverse. The court likewise found mistake and/or inadvertence, which are alternative grounds for relief under Civ. R. 60(B)(1).
 {¶ 18} A mistake is "[a]n error, misconception, or misunderstanding." Black's Law Dictionary, 7th Ed. Inadvertence is "[a]n accidental oversight; a result of carelessness." Id. Neither necessarily implies a positive act. "Inadvertence," in particular is implied in the explanation counsel gave, which the trial court credited. Further, neither mistake nor inadvertence are necessarily trumped by the duties that Civ. R. 11 imposes on attorneys to read the documents they sign.
 {¶ 19} We find no abuse of the discretion which Civ. R. 60(B) confers on the trial court with respect to its findings concerning mistake and/or inadvertence. The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 20} "THE TRIAL COURT ERRED BY HOLDING THAT THE PLAINTIFF-APPELLEE HAS SUFFICIENTLY PROVEN THAT SHE HAS A MERITORIOUS CLAIM FOR RELIEF."
 {¶ 21} The need for further investigation which, according to Stewart's counsel, prompted him to file a notice of dismissal was in order to locate Vanetta Heard, the driver of the car in which Stewart was a passenger when she was injured. Heard's unavailability exposed Stewart to a summary judgment for State Farm for lack of independent corroborating evidence that the accident had happened, which is required both by the terms of the State Farm policy and as a matter of law. SeeGirgis v. State Farm Mut. Ins. Co. (1996), 75 Ohio St.3d 312.
 {¶ 22} In his affidavit in support of Stewart's Civ. R. 60(B) motion, Stewart's counsel stated: "Since the entry of the voluntary dismissal, counsel has discovered that Defendant Vanetta Heart, may actually be known as Verneeta Heard." The trial court found that "because Plaintiff has possibly identified a Defendant who may serve as a corroborating witness, Plaintiff has established that she has a meritorious claim to present." Decision, p. 4.
 {¶ 23} State Farm argues that the trial court abused its discretion in the finding it made because the mere possibility that the driver of the vehicle may be known by another name does not demonstrate that, with respect to the corroborating evidence requirement, Stewart "has a meritorious claim or defense to present if the motion is granted." GTE,supra. We agree.
 {¶ 24} "Under Civ. R. 60(B) a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense."Rose Chevrolet Inc. v. Adams, at p. 20, citing Moore v. Emmanuel FamilyTraining Center (1985), 18 Ohio St.3d 64. In order to satisfy that requirement the motion and/or the affidavit submitted in support of the motion must set out operative facts which, if true, constitute a prima facie showing of the claim or defense concerned. A prima facie showing is one which is "[s]ufficient to establish a fact or raise a presumption unless disapproved or rebutted." Black's Law Dictionary. Id.
 {¶ 25} The assertion that Vanetta Heard "may actually be known as Verneeta Heard" implies that Stewart's failure to know that earlier impaired her efforts to locate Heard, but it doesn't demonstrate that she has and, more importantly, that Heard will testify that the accident occurred as Stewart alleges. Such testimonial evidence would be a meritorious defense to State Farm's claim that Stewart lacks the corroborating evidence her claim for uninsured motorist coverage requires her to present. However, Stewart must present operative facts which make that showing in her motion; she cannot merely suggest their existence, waiting until a hearing on the motion to present the necessary operative facts. Salem v. Salem (1988), 61 Ohio App.3d 243.
 {¶ 26} We find that the trial court abused its discretion when it found that Stewart demonstrated her right to relief under the first prong of GTE supra; that she has a meritorious claim or defense to present with respect to her underlying action against State Farm if her Civ. R. 41(A) notice of dismissal is vacated. "Should any prong of the standard for granting motions brought under Civ. R. 60(B) be unsatisfied, relief (must) be denied. GTE, supra, at 151 (`requirements are independent and in the conjunctive, not the disjunctive.') Argo Plastic Products Co. v.Cleveland (1984), 15 Ohio St.3d 389, 391; Moore v. Emmanuel FamilyTraining Center, supra. Because Stewart's motion failed to make the required showing, she is not entitled to a hearing on her motion to which she would otherwise be entitled. See: Coulson v. Coulson (1983),5 Ohio St.3d 12. A remand for that purpose is therefore not in order.
 {¶ 27} The second assignment of error is sustained.
THIRD ASSIGNMENT OF ERROR
 {¶ 28} "THE TRIAL COURT ERRED BY HOLDING THAT THE PLAINTIFF-APPELLEE FILED HER MOTION FOR RELIEF WITHIN A REASONABLE TIME."
 {¶ 29} All motions filed pursuant to Civ. R. 60(B) must be filed within a reasonable time, and those filed pursuant to Civ. R. 60(B)(1), (2) and (3) must be filed no later than one year after the judgment the motion would vacate. GTE, supra. What constitutes a reasonable time depends on the particular facts of the case.
 {¶ 30} The trial court reasoned that Stewart's motion was filed within a reasonable time, one year after her notice of dismissal, because it was not until then that counsel, probably intending to utilize the savings statute, R.C. 2305.19, discovered his error when he prepared to refile the action against Heard and State Farm.
 {¶ 31} State Farm argues that one year was not a reasonable time; at least, that Stewart failed to justify her need for that period of time, and that in any event she cannot be assumed to have then found the witness she requires. However, the trial court elected to credit Stewart's need for the time she took, and, notwithstanding her failure to employ the time successfully, we find no abuse of discretion.
 {¶ 32} The third assignment of error is overruled.
 Conclusion {¶ 33} Having sustained the second assignment of error, we will reverse and vacate the trial court's judgment of October 4, 2004, from which this appeal was taken.
Brogan, P.J. concurs and Donovan, J., concurs in judgment only.