OPINION
{¶ 1} Appellant, Len-Ran, Inc. ("Len-Ran"), appeals from a judgment entry denying its motion for relief from judgment filed pursuant to Civ.R. 60(B). The judgment entry was entered by the Portage County Common Pleas Court. On review, we affirm the judgment entry of the trial court.
 {¶ 2} Len-Ran operated a machine shop in Rootstown, Ohio, when, on December 17, 1997, it sustained significant fire damage to its premises. Len-Ran was *Page 2 
insured by Erie Insurance Group ("Erie") at that time. Len-Ran was dissatisfied with the insurance settlement offered by Erie, so it sued Erie for a declaratory judgment and for damages in federal court in 1999. After its claim was dismissed in federal court, Len-Ran filed suit that same year in the Portage County Common Pleas Court. Len-Ran was represented by Attorney Donald George in this suit. The matter was identified as case No. 99 CV 0796. Also named in the suit were the David Coleman Insurance Agency, which sold Len-Ran the Erie policy of insurance; Daniel Pierson, an Erie insurance adjuster; and Relectronic-Remech, a company hired by Erie to perform cleaning and repair work to Len-Ran's machinery. This suit was voluntarily dismissed by Len-Ran pursuant to Civ.R. 41(A) on October 7, 2002.
 {¶ 3} On August 27, 2003, Len-Ran refiled the suit against Erie. The suit was again filed in Portage County Common Pleas Court, and was identified as case No. 2003 CV 0869. In this matter, Len-Ran was represented by Attorney Reeves. In addition to naming Erie as a party defendant, it again named Pierson and Relectronic-Remech as parties defendant, but it did not name the David Coleman Insurance Agency. Once again, Len-Ran sought a declaratory judgment and damages.
 {¶ 4} Erie and Relectronic-Remech filed answers denying any liability to Len-Ran. They also filed cross-claims against each other, alleging that, in the event one or the other of them should be adjudged responsible for Len-Ran's loss, such liability should then be adjudged against the other party.
 {¶ 5} The Coleman Insurance Agency was not named as a party in Len-Ran's refiled complaint, and Len-Ran filed an amended complaint to delete all internal *Page 3 
references to the Coleman Insurance Agency. Both Erie and Relectronic-Remech filed answers to the amended complaint, again denying any liability to Len-Ran.
 {¶ 6} Following a status conference with the trial court on July 14, 2004, Len-Ran filed a notice of dismissal of some, but not all, of its claims pursuant to Civ.R. 41(B). The notice of dismissal was filed on August 12, 2004 and recited, in pertinent part, as follows:
 {¶ 7} "[Len-Ran] hereby gives notice [it] voluntarily dismisses Counts III, V, and VII with prejudice, pursuant to Ohio Civ. R.41(B), with costs to [Len-Ran] due to the fact that the Court has previously ruled on and dismissed these charges through Summary Judgment filed in the earlier suit that was filed by Attorney Don George."
 {¶ 8} Count III of the amended complaint related to inspection issues and policy interpretation issues between Len-Ran and Erie. Count V of the complaint alleged that Erie was required to replace machinery that was damaged in the fire. Count VII alleged that Relectronic-Remech used harmful chemicals to clean and repair its machinery and that such chemicals polluted its sewage system and rendered some of its machinery non-functional. Len-Ran's reference to Civ.R. 41(B) appears to be in error, because Civ.R. 41(B) provides for involuntary dismissals by the trial court, whereas, Len-Ran's pleading and the text of the notice of dismissal would indicate that it was a voluntary dismissal. Civ.R. 41(A) provides for such voluntary dismissals.
 {¶ 9} On August 19, 2004, Erie filed a motion to consolidate and reactivate the previously filed case (case No. 99 CV 0796) because it had filed a counterclaim in that case that had not been adjudicated after Len-Ran filed a notice of dismissal pursuant to Civ.R. 41(A). It also stated in its motion that a consolidation and reactivation of the *Page 4 
previously filed case would obviate the necessity of refiling discovery materials in the newly filed case (case No. 2003 CV 0869). The trial court granted the motion to consolidate, but only with respect to the counterclaim filed by Erie in the previous case.
 {¶ 10} On September 1, 2004, Erie filed a motion for summary judgment with respect to Counts I, II, IV, and VI of the amended complaint. Len-Ran filed a response to that motion. On March 10, 2005, the trial court granted the motion for summary judgment with respect to all counts, except for that part of Count IV alleging moneys due and owing pursuant to business interruption and loss of profit coverage provided by Erie. Thus, after the trial court's entry of summary judgment, only a part of Count IV remained viable as a pending claim.
 {¶ 11} On October 20, 2005, Len-Ran filed a motion for relief from judgment pursuant to Civ.R. 60(B). This motion asserted that Len-Ran inadvertently dismissed Relectronic-Remech as a party defendant in its notice of dismissal filed on August 12, 2004, and requested the trial court to reinstate Relectronic-Remech as a party defendant. Attached to the motion for relief from judgment was an affidavit of Attorney Reeves, who stated that his notice of dismissal attempted to comply with an oral agreement that had been reached in chambers at the status conference of July 14, 2004, whereby certain claims that had been adjudicated in the previous case (99 CV 00796) would be dismissed. He further stated that he inadvertently dismissed Len-Ran's claim against Relectronic-Remech, which neither he nor the other parties contemplated as a result of the oral agreement reached at the July 14, 2004 status conference. *Page 5 
 {¶ 12} Len-Ran's motion for relief from judgment was opposed by Relectronic-Remech. In an affidavit attached to its response, counsel for Relectronic-Remech stated that Len-Ran's counsel was advised on five different occasions after August 12, 2004, the date its notice of dismissal was filed, that it no longer maintained a direct claim against Relectronic-Remech, and that Relectronic-Remech remained in the suit only with respect to the cross-claim filed against it by Erie.
 {¶ 13} Len-Ran's motion for relief from judgment was denied by the trial court on March 8, 2006. The trial court also recited that there was no just reason for delay. It is from that judgment entry denying its Civ.R. 60(B) motion that Len-Ran has filed the instant appeal, raising a single assignment of error:
 {¶ 14} "The trial court erred in denying the Plaintiff/Appellant's [Civ.R.] 60(B) motion for relief from judgment and specifically erred in its refusal to reinstate Relectronic-Remech as a party defendant to the within action."
 {¶ 15} At the outset, we note that an order denying a motion for relief from judgment is reviewed by this court under an abuse of discretion standard. (Citation omitted.) Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion implies that the trial court's attitude was "`unreasonable, arbitrary or unconscionable.'" Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157. "Because Civ.R. 60(B) is remedial in nature, courts should liberally interpret motions for relief so that a case may be decided on the merits. Cozell v.Bazell (1980), 64 Ohio St.2d 243, 248." Stewart v. Heard, 2d Dist. No. 20787, 2005-Ohio-5241, at ¶ 10. *Page 6 
 {¶ 16} Relief from judgment may be granted pursuant to Civ.R. 60(B), which states, in part:
 {¶ 17} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 18} The Supreme Court of Ohio has stated that there are three prongs that must be satisfied in order for the trial court to grant a motion for relief from judgment pursuant to Civ.R. 60(B):
 {¶ 19} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the *Page 7 
judgment, order or proceeding was entered or taken." GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 20} Failure to satisfy any one of the three prongs of theGTE decision is fatal to a motion for relief from judgment. RoseChevrolet, Inc. v. Adams, supra, at 20.
 {¶ 21} Initially, we will address the timeliness of Len-Ran's motion for relief from judgment. This part of the analysis implicates the third prong of the GTE decision, the prong which states that the motion for relief from judgment must be filed within a reasonable time and, if the motion is filed pursuant to Civ.R. 60(B)(1), (2), or (3), must be filed within one year from the judgment entry that is sought to be vacated.
 {¶ 22} Len-Ran based its motion for relief from judgment on two alternative grounds under Civ.R. 60(B). First, it asserts that the notice of dismissal that dismissed the Count VII claims against Relectronic-Remech resulted from inadvertence and "admittedly [was] made in error." This is an argument under Civ.R. 60(B)(1), involving "mistake, inadvertence, surprise or excusable neglect" and is, therefore, subject to the one-year filing requirement. Alternatively, it asserts that the "any other reason justifying relief" language of Civ.R. 60(5) is applicable to the circumstances of this case. Civ.R. 60(B)(5) does not contain a one-year filing requirement, but only requires that the motion be filed within a "reasonable time." We do not agree that either ground is available as a ground for relief from the judgment entry in question.
 {¶ 23} Len-Ran's notice of dismissal was filed on August 12, 2004, and the motion for relief from judgment was filed on October 20, 2005. Clearly, the motion was filed more than one year after the order that Len-Ran is seeking to vacate and, therefore, violated the one-year time requirement of Civ.R. 60(B). The one-year time *Page 8 
requirement is absolute. Schaefferkoetter v. Schaefferkoetter, 2d Dist. Nos. 02CA97, 02CA104, 2003-Ohio-5529, at ¶ 16. See, also, GTE AutomaticElectric, supra, at paragraph two of the syllabus.
 {¶ 24} Len-Ran argues that it was not required to file its motion within one year, citing the Second Appellate District case ofStewart v. Heard, 2d Dist. No. 20787, 2005-Ohio-5241. In that case, the appellee mistakenly dismissed her lawsuit "with prejudice," pursuant to Civ.R. 41(A), when she meant to dismiss it "without prejudice." The dismissal was filed on September 23, 2003 and appellee filed her Civ.R. 60(B) motion for relief from judgment on September 24, 2004, asking the trial court to change the "with prejudice" entry to "without prejudice." Id. at ¶ 3-4. The Civ.R. 60(B) motion was filed at or about the time appellant sought to avail herself of the savings statute and refile her case within the one-year savings period provided by the statute. Id. at ¶ 30. See, also, R.C. 2305.19. Her motion claimed that the entry was incorrect due to mistake, inadvertence, or excusable neglect on the part of her attorney. The trial court granted the appellee's motion and the appellant insurance company appealed. The Second District reversed the ruling of the trial court on the ground that the appellee had not demonstrated a meritorious claim, one of the three required prongs in the GTE Automatic Electric case. Id. at ¶ 26. It also concluded that the trial court did not abuse its discretion in finding that the motion had been filed in a reasonable time under the circumstances. Id. at ¶ 31. The Second District's decision did not directly address the one-year time requirement of Civ.R. 60(B). Id. at ¶ 29-31. Therefore, we do not believe that the decision in Stewart provides the support for a party to file a motion for relief from judgment beyond the one-year requirement of Civ.R. 60(B)(1). Further, Len-Ran *Page 9 
has not cited any other case that stands for the proposition that a motion under Civ.R. 60(B)(1) may be considered where it is filed more than one year after the judgment entry sought to be vacated.
 {¶ 25} We conclude that a motion for relief from judgment asserting a ground for relief under Civ.R. 60(B)(1) must be filed within one year from the judgment entry that is sought to be vacated. This conclusion is dispositive of Len-Ran's argument under Civ.R. 60(B)(1). Thus, Len-Ran is not entitled to relief from judgment due to "mistake, inadvertence, surprise or excusable neglect."
 {¶ 26} Len-Ran further argues that, even if its motion was not timely under Civ.R. 60(B)(1), because it was not filed within the one-year requirement, it was filed within a "reasonable time" under the circumstances of this case. Thus, argues Len-Ran, even if its "excusable neglect" in filing the notice of dismissal does not satisfy the requirements of Civ.R. 60(B)(1) due to lack of timeliness, nevertheless relief from judgment may still be pursued for "excusable neglect" under Civ.R. 60(B)(5). This is because Civ.R. 60(B)(5) only requires that the motion be filed within a "reasonable time;" it does not have a one-year time requirement.
 {¶ 27} Len-Ran asserts that Relectronic-Remech continued to participate in the litigation and that its participation gave the appearance that it was still a party defendant. For this reason, argues Len-Ran, its motion was filed within a "reasonable time" because it appeared to it that Relectronic-Remech remained as a party defendant.
 {¶ 28} We do not agree that Len-Ran's motion for relief from judgment was filed within a "reasonable time," nor do we agree that Len-Ran is entitled to relief for "excusable neglect" under Civ.R. 60(B)(5). *Page 10 
 {¶ 29} The circumstances of this case militate against the notion that Len-Ran filed its motion for relief from judgment within a reasonable time. During the period August 12, 2004 through October 5, 2005, the following events transpired that should have brought to Len-Ren's attention that it had voluntarily dismissed the count (Count VII) of the amended complaint pertaining its claim against Relectronic-Remech: (1) Erie's motion for summary judgment filed on September 1, 2004 recited the remaining claims and the remaining defendants after the claim against Relectronic-Remech was dismissed; (2) the trial court's entry of March 10, 2005, granting in part and denying in part that motion for summary judgment again recited the remaining claims; (3) a motion in limine filed by Relectronic-Remech, to which Len-Ran did not respond, stated explicitly that Count VII against it had been dismissed and that only the cross-claim against it by Erie remained pending; and (4) according to the affidavit of counsel for Relectronic-Remech, the subject of the dismissal of Count VII was raised during a status conference in which Len-Ran's counsel was present on August 10, 2005. In light of all these intervening events between August 12, 2004 and October 5, 2005, Len-Ran cannot argue that 14 months is a "reasonable time" to allow it to file a motion for relief from judgment when it knew, or should have known, of the effect of its filing a notice of dismissal long before October 5, 2005.
 {¶ 30} In addition, Len-Ran's actions did not constitute "excusable neglect" for purposes of Civ.R. 60(B). Typically, "excusable neglect" results from counsel's omission to do an act, whereas here the notice of dismissal was an affirmative act of preparing a pleading that counsel presumably read before filing it with the trial court. See, e.g.,Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20-21. *Page 11 
 {¶ 31} Nor may a party use as a ground under Civ.R. 60(B)(5) a ground that exists under another subsection of Civ.R. 60(B). Caruso-Ciresi,Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66. Put another way, one may not sidestep a subsection of Civ.R. 60(B) for which he is clearly not entitled to relief and, then, use the same ground under the "catch-all" provision of Civ.R. 60(B)(5) instead. Id. See, also, Breckenridge v.Breckenridge, 11th Dist. No. 2003-G-2533, 2004-Ohio-1845, at ¶ 14. In this case, even if there were "excusable neglect," which we have found there is not, Len-Ran is not entitled to use "excusable neglect" as a ground for relief under Civ.R. 60(B)(5).
 {¶ 32} For the foregoing reasons, Len-Ran's assignment of error is without merit.
 {¶ 33} The judgment of the Portage County Court of Common Pleas is affirmed.
 DIANE V. GRENDELL, J., MARY JANE TRAPP, J., concur. *Page 1