PER CURIAM OPINION
{¶ 1} This action in procedendo is presently before this court for consideration of the motion to dismiss of respondent, Judge Peter J. Kontos of the Trumbull County Court of Common Pleas. As the sole basis for his motion, respondent asserts that the merits of the pending claim are moot because he has already performed the specific act *Page 2 
which relator, Dominic F. Fontanella, was seeking to compel. For the following reasons, we conclude that the motion to dismiss is well taken.
 {¶ 2} The subject matter of the instant action pertains to the status of certain motions which relator submitted during the course of a civil proceeding before respondent. As part of the factual allegations in his procedendo petition, relator alleges that he initiated the proceeding in question through the filing of a "breach of contract" complaint against Zoe A. Ambrosio in April 2000. Relator further alleges that even though Ambrosio's trial attorney moved for an extension of time in which to respond to the complaint, she never filed a timely answer; as a result, he moved respondent for a default judgment in June 2000.
 {¶ 3} According to relator, Ambrosio's answer to his complaint was not submitted until August 2000. In response to this pleading, relator moved to strike Ambrosio's defenses and counterclaims. Instead of granting relator's new motion or the motion for a default judgment, respondent allowed the proceeding to go forward. In fact, relator asserts that even though it has been over six years since the foregoing motions were filed before the common pleas court, respondent has not rendered a proper ruling on either matter.
 {¶ 4} In addition, relator states in his instant petition that, during the four-month period from October 2000 until January 2001, he submitted four separate motions which raised the general issue of whether Ambrosio's answer had been a sham pleading because it was not properly signed by her trial attorney. According to relator, notwithstanding the fact that each of these motions was filed in the correct manner, respondent did not issue any type of decision on them. *Page 3 
 {¶ 5} In bringing the present case before this court, relator has requested the issuance of an order which would require respondent to immediately render judgments in regard to all pending motions in the "contract" proceeding, including the six motions referenced above. In now moving to dismiss the procedendo petition, respondent maintains that such an order is unnecessary because the disputed motions have already been subject to final disposition in the context of the proceeding. Based on this, respondent argues that relator should not be allowed to go forward in this matter because the merits of his sole claim are moot.
 {¶ 6} In support of his position, respondent has attached to his motion a certified copy of a judgment which he rendered in the underlying proceeding on April 17, 2007. In that judgment, respondent overruled Ambrosio's motion for an award of attorney fees under R.C.2323.51. As the grounds for this decision, respondent concluded that Ambrosio had failed to file her motion for fees in a timely manner because she did not submit the motion until approximately two years after the release of the final judgment in the case. As to the "timing" issue, respondent noted that Ambrosio had been granted summary judgment against relator in September 2004, and that her motion for fees had not been filed until December 2006.
 {¶ 7} As part of the foregoing judgment, respondent also noted that relator had filed a number of motions in relation to the motion for fees. Upon stating that the new motions were pointless and frivolous, respondent overruled them sua sponte as moot.
 {¶ 8} In responding to the motion to dismiss, relator has not contested the authenticity of the copy of the April 17, 2007 judgment. Furthermore, relator has not challenged the factual statements upon which respondent predicated its decision to *Page 4 
deny the motion for attorney fees. That is, he has not challenged that a final judgment regarding his claims against Ambrosio was issued in September 2004. In light of this, this court concludes that respondent has established that relator's procedendo claim is moot.
 {¶ 9} As a general proposition, if a trial court fails to issue a written ruling on a pending motion prior to the release of the final judgment in a civil action, it is presumed that the court intended to deny that motion. Dozier v. Dozier (1993), 88 Ohio App.3d 296, 302;Snitzky v. Wilson, 11th Dist. No. 2003-T-0095, 2004-Ohio-7229, at ¶ 26. This court has applied this rule to a wide variety of motions, including a motion for a default judgment. See Karlen v. Carfangia (June 1, 2001), 11th Dist. No. 2000-T-0081, 2001 Ohio App. LEXIS 2481. Although not expressly stated in any of the foregoing opinions, this rule is obviously based upon the logic that, by issuing a final judgment in a pending case, the trial court has exhibited an intent to completely dispose of the entire proceeding; under such circumstances, it must be presumed that the court wanted to dispose of all other pending motions in a manner consistent with the final disposition of the case.
 {¶ 10} In the instant action, respondent's evidentiary materials demonstrate that the final merits of the underlying matter were fully resolved when respondent granted summary judgment in favor of Ambrosio. Accordingly, even if respondent never rendered any written judgment on relator's disputed motions, it must be presumed that respondent did not intend to dispose of those motions in such a manner that would directly conflict with the ultimate outcome of the matter; i.e., it must be presumed that the motions had been denied. To this extent, the materials before us conclusively show *Page 5 
that it is unnecessary for respondent to issue a written judgment on the disputed motions because they have already been overruled by inference.
 {¶ 11} In responding to the motion to dismiss his procedendo claim, relator focuses his argument upon the actual merits of his motion for a default judgment before respondent. Specifically, relator argues that a default judgment was warranted because Ambrosio never established a justifiable reason for failing to answer the "contract" complaint in a timely fashion. In addition, relator attempts to restate his argument concerning whether Ambrosio's answer and subsequent filings should have been rejected because her trial counsel never signed them. He maintains that all of her filings should have viewed as a nullity, thereby qualifying him for a default judgment.
 {¶ 12} As to the foregoing point, this court would merely note that it is well settled under Ohio law that a writ of procedendo will not be issued as a means of controlling a trial court's discretion. SeeState ex rel. Dean v. McKay (Dec. 24, 1998), 11th Dist. No. 98-T-0160, 1998 Ohio App. LEXIS 6294. As a result, the merits of relator's motion for a default judgment, including his argument as to the validity of trial counsel's signature, cannot be reviewed in the context of the instant action. Instead, the purpose of this action is merely to determine whether respondent has been dilatory in going forward with the underlying case. If relator truly desired to contest the denial of his motion for a default judgment, he could have raised the issue as part of a direct appeal from the September 2004 judgment in favor of Ambrosio.
 {¶ 13} To be entitled to a writ of procedendo, the relator must be able to prove, inter alia, that he has a legal right to have a court or judge in an underlying case to go forward and render a judgment on a pending matter. Id., 1998 Ohio App. LEXIS 6294, *Page 6 
at *2. However, in regard to the foregoing element, this court has held that a claim in procedendo can be subject to dismissal when the evidentiary materials show that the court or judge has already performed the judicial act which the relator sought to compel. State ex rel. Noblev. Vettel, 11th Dist. No. 2004-A-0079, 2005-Ohio-692, at ¶ 5. We have further held that, although evidentiary materials normally cannot be considered in ruling upon a dismissal motion under Civ.R. 12(B)(6), such materials are permissible when such a motion is based upon an assertion of mootness. Id.
 {¶ 14} In the instant matter, the undisputed evidentiary materials demonstrate that respondent rendered the final judgment in the underlying proceeding in September 2004. As a result, all pending motions which relator had submitted at the outset of the case were overruled by inference. In turn, this means that respondent has technically disposed of all disputed motions in the "contract" case. Therefore, the merits of this action are moot because respondent has already ruled upon all pending matters before him.
 {¶ 15} Finally, our review of the procedendo petition shows that relator also requested the issuance of a writ of mandamus. But, since the request for that writ was predicated upon the same allegations as the basic procedendo claim, our "mootness" analysis is also applicable to the "mandamus" request.
 {¶ 16} Pursuant to the foregoing discussion, respondent's motion to dismiss the procedendo claim is granted. It is the order of this court that relator's entire petition for relief is hereby dismissed as moot.
CYNTHIA WESTCOTT RICE, P.J., COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur. *Page 1