OPINION
{¶ 1} Appellant, Alan Corrado, appeals from the February 28, 2007 and May 31, 2007 judgment entries of the Ashtabula County Court of Common Pleas, Juvenile Division. For the following reasons, we affirm.
 {¶ 2} Substantive and Procedural History
 {¶ 3} Appellant ("Mr. Corrado"), filed a motion requesting a court ordered visitation on November 1, 2006. Mr. Corrado has been incarcerated since the birth of his child, Alana Corrado, with appellee, Dorothy Bluhm ("Ms. Bluhm"). Prior to the filing *Page 2 
of this motion, Mr. Corrado was determined to be the biological father of Alana and was ordered to pay $168.02 in monthly child support.
 {¶ 4} Due to his incarceration, Mr. Corrado filed on December 6, 2006, a motion to convey or in the alternative attend the February 12, 2007 pretrial via teleconference. The magistrate denied both motions in a judgment entry filed December 12, 2006, since the court does not have teleconferencing capabilities. Mr. Corrado was further informed via this entry that he could "contact the court during the hearing for information regarding the pretrial." Ms. Bluhm sent a letter to the court on January 8, 2007, and then again on January 29, 2007, requesting appointed counsel due to her indigency. The court denied Ms. Bluhm's request on January 31, 2007, since there is no right to court appointed counsel for this type of matter.
 {¶ 5} Mr. Corrado then filed a motion on January 30, 2007, requesting the court for an order to the Grafton Correctional Institution, where he is presently incarcerated, to have a phone made available for him to use on the day of the pretrial. The court did not rule on this motion.
 {¶ 6} After holding a pretrial on February 12, 2007, the magistrate issued her decision, in which she found that Mr. Corrado is presently incarcerated for kidnapping, abduction, felonious assault, and weapons under disability and that he was requesting a visitation. Ms. Bluhm opposed the visitation, and did not want her daughter to have a visitation since Alana does not know her father. The magistrate denied Mr. Corrado's request for visitation.
 {¶ 7} On February 28, 2007, Mr. Corrado untimely filed a motion to set aside the magistrate's order pursuant to Civ.R. 53, or in the alternative, a written objection to the *Page 3 
magistrate's decision. He also filed a motion for an appointment of a guardian ad litem. On the same day, February 28, 2007, the court issued a judgment entry that found no error of law or other defect on the face of the magistrate's decision and adopted the decision as the judgment of the court, thus denying Mr. Corrado's request for visitation.
 {¶ 8} The court ruled on Mr. Corrado's untimely motion of objections to the magistrate's decision on March 7, 2007, overruling the motion to set aside the magistrate's decision since it was moot and dismissing the written objection to the magistrate's decision since it was filed beyond the time limits. On March 27, 2007, Mr. Corrado timely filed his appeal of the February 28, 2007 judgment entry, which had adopted the magistrate's decision denying his request for visitation.
 {¶ 9} Mr. Corrado then filed a motion for relief from judgment pursuant to Civ.R. 60(B) on May 8, 2007. The court overruled the motion on May 31, 2007. Subsequently, Mr. Corrado timely appealed that order and we sua sponte consolidated both appeals on July 11, 2007.
 {¶ 10} Mr. Corrado now raises two assignments of error:
 {¶ 11} "[1.] The trial court abused its discretion and erred to the prejudice of the appellant by overruling appellant's assertion that the trial court abused its discretion by failing to rule upon his pre-trial motion prior to the February 12, 2007 hearing.
 {¶ 12} "[2.] The trial court abused its discretion and erred to the prejudice of the appellant when it denied appellant's motion for relief of [sic] judgment when the magistrate's decision was predicated upon fraudulent information supplied by the plaintiff-appellee."
 {¶ 13} Denial of Pre-trial Motion *Page 4 
 {¶ 14} In his first assignment of error, Mr. Corrado contends that the trial court abused its discretion since it did not rule upon his pretrial motion that was filed January 30, 2007, prior to the hearing. Specifically, the motion requested the court for an order to provide telephonic access from the Grafton Correctional Institution during the pretrial hearing. The court did not rule on this motion.
 {¶ 15} An appellate court reviews a trial court's determination of pretrial motions under an abuse of discretion standard since a trial court has "broad discretion in managing pretrial practice * * *."Welch v. Ziccarelli, 11th Dist. No. 2006-L-229, 2007-Ohio-4374, ¶ 23, citing Simeone v. Girard City Bd. Of Ed., 11th Dist. No. 2006-T-0056,2007-Ohio-1775, ¶ 25, citing Mauzy v. Kelly Services, Inc. (1996),75 Ohio St.3d 578, 592. "An abuse of discretion connotes an attitude that is unreasonable, arbitrary, or unconscionable." Omerza v. Bryant Stratton, 11th Dist. No. 2006-L-147, 2007-Ohio-5216, ¶ 12, citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219; State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 16} At the outset we note that this case is procedurally flawed. Mr. Corrado failed to timely file this objection in his motion to set aside the magistrate's order pursuant to Civ.R. 53, or in the alternative, his written objection to the magistrate's decision. Mr. Corrado filed this motion on February 28, 2007; thus it was filed two days beyond the fourteen day time limit.
 {¶ 17} "Juv.R. 40 governs the use of magistrates in juvenile court. Pursuant to Juv.R. 40(E)(3)(a), a party may file written objections to the magistrate's decision within fourteen days after the filing of that decision. Juv.R.40(E)(3)(b), which parallels the language of Civ.R. 53(E)(3)(b) provides, in relevant part: `* * * A party shall not assign as *Page 5 
error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.' Accordingly, if a party fails to file objections to the magistrate's decision pursuant to Juv.R. 40, he may not then raise the objections with the appellate court on review."Jones v. Bowens, II, 11th Dist. No. 2002-A-0034, 2003-Ohio-5224, ¶ 29, see, Batsch v. Tress (Sept. 7, 2001), 11th Dist. No. 2000-P-0022, 2001 Ohio App. LEXIS 3990, 9; Haas v. Hass (Dec. 31, 1997), 11th Dist. No. 96-G-2034, 1997 Ohio App. LEXIS 6038, 14. "As the Supreme Court of Ohio has noted, the failure to follow the procedural rules may result in a forfeiture of rights." Id., citing Goldfuss v. Davidson (1997),79 Ohio St. 3d 116, 122.
 {¶ 18} Nevertheless, even if Mr. Corrado did timely file his objections, there is no evidence of an abuse of discretion in this case. "There is no rule of law requiring that a trial court expressly rule on every pretrial motion before it. `[W]hen a trial court fails to rule on a pretrial motion, it may ordinarily be presumed that the court overruled it.'" Omerza at ¶ 21, citing State ex rel. The V Cos. v.Marshall (1988), 81 Ohio St.3d 467, 469. See, also, State ex rel.Fontanella v. Judge Kontos, 11th Dist. No. 2007-T-0055, 2007-Ohio-5213, ¶ 9.
 {¶ 19} In addition, Mr. Corrado fails to state an objection that indicates the magistrate's decision to deny him a visitation is in error aside from general averments that Ms. Bluhm was making fraudulent allegations.
 {¶ 20} Furthermore, Mr. Corrado failed to comply with the requirements of Juv.R. 40(D)(3)(b)(iii), which provides: "An objection to a factual finding * * * shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." *Page 6 
 {¶ 21} We have repeatedly held that a party cannot challenge on appeal the factual findings contained in a magistrate's report unless that party submits to the trial court the required transcript of affidavit.City of Willowick v. Gibaldi (Feb. 21, 1997), 11th Dist. No. 96-L-079, 1997 Ohio App. LEXIS 619, 3-4. Thus, an appellant is "* * * precluded from arguing any factual determinations on appeal and has waived any claim that the trial court erred in adopting the magistrate's findings."Dubay v. Dubay, 11th Dist. No. 2002-G-2481, 2003-Ohio-2918, ¶ 19.
 {¶ 22} It must be further noted that Juv.R. 40(D)(3)(b)(iii) does not give the objecting party the option of filing a transcript or an affidavit. "An affidavit may be employed only where a transcript of the proceedings is not available." Sain v. Estate of Hass, 10th Dist. No. 06AP-902, 2007-Ohio-1705, ¶ 23. Unavailability does not mean that a recording of the proceedings has not been transcribed or that the objecting party chooses not to order a copy of the recording in order to have it transcribed. Id. We have nothing in this case to demonstrate that the subject hearing was not recorded.
 {¶ 23} Furthermore, reliance upon personal affidavits, as herein is misplaced. See In re: I.S., A.S. T.S., 9th Dist. No. 23215,2007-Ohio-47, ¶ 15, which addresses this issue under the sister rule pertaining to magistrates under Civ.R. 53(D)(3)(b)(iii).
 {¶ 24} Thus, absent evidence to the contrary, Mr. Corrado's claim is simply without merit.
 {¶ 25} Mr. Corrado's first assignment of error is without merit.
 {¶ 26} Motion for Relief from Judgment
 {¶ 27} In his second assignment of error, Mr. Corrado argues that the court abused its discretion when it denied his motion for relief from judgment pursuant to *Page 7 
Civ.R. 60(B). Specifically, Mr. Corrado argues that the magistrate's decision was predicated upon fraudulent information supplied by Ms. Bluhm and that he is entitled to relief since the court failed to rule on his pretrial motion. We find this argument to be without merit.
 {¶ 28} "An order denying a motion for relief from judgment is reviewed by this court under an abuse of discretion standard." Len-Ran, Inc. v.Erie Insurance Group, 11th Dist. No. 2006-P-0025, 2007-Ohio-4763, ¶ 15, citing Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. "An abuse of discretion implies that the trial court's attitude was `unreasonable, arbitrary, or unconscionable.'" Id., citingBlakemore at 217, 219, quoting Adams at 157. "Because Civ.R. 60(B) is remedial in nature, courts should liberally interpret motions for relief so that a case may be decided on the merits. Colley v. Bazell (1980),64 Ohio St.2d 243, 248." Id., citing Stewart v. Heard, 2d Dist. No. 20787,2005-Ohio-5241, ¶ 10.
 {¶ 29} Pursuant to Civ.R. 60(B), relief from judgment may be granted:
 {¶ 30} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the *Page 8 
judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 31} Further, the Supreme Court of Ohio has stated that "[t]o prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R.60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R.60(B)(1),(2), or (3), not more than one year after the judgment, order or proceeding as entered or taken." Len-Ran, Inc.
at ¶ 19, citing GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 32} "Failure to satisfy any one of the three prongs of theGTE decision is fatal to a motion for relief from judgment." Id. at ¶ 20, citing Rose Chevrolet, Inc. at 20.
 {¶ 33} We find no abuse of discretion in the trial court's denial of Mr. Corrado's motion for relief from judgment since he failed to state operative facts that would warrant such relief. Mr. Corrado made a general Civ.R. 60(B) motion citing no specific grounds. Rather, he argues that he is entitled to relief from the court's denial of his visitation request since the magistrate denied his pretrial motion. We addressed this issue in Mr. Corrado's first assignment of error and determined there was no abuse of discretion. More fundamentally, Mr. Corrado fails to allege any substantive facts to buttress his claim that Ms. Bluhm supplied fraudulent information to the court. Rather, the record reveals that Ms. Bluhm, who is on the victim report list for Mr. Corrado's present convictions, informed the court that she did not want her daughter to visit Mr. *Page 9 
Corrado and that her daughter does not know Mr. Corrado. From the facts presented at pretrial, the magistrate denied Mr. Corrado's request for a visitation. The court, upon examining the magistrate's decision for error or defects, adopted the decision.
 {¶ 34} We cannot say the court abused its discretion in this case.
 {¶ 35} Mr. Corrado's second assignment of error is without merit.
 {¶ 36} The judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, is affirmed.
 CYNTHIA WESTCOTT RICE, P.J., TIMOTHY P. CANNON, J., concur. *Page 1