DECISION. *Page 2 
{¶ 1} Plaintiffs-appellants Patricia and Douglas Poe have appealed from the trial court's entries denying their motion for relief from judgment and dismissing their case. For the following reasons, we affirm the court's judgments.
 Factual Background {¶ 2} Patricia Poe was injured in two separate automobile accidents, one occurring in January of 2004 and the second occurring in May of 2004. In January of 2006, Poe filed one complaint in the case numbered A-0600310, seeking recovery from the drivers that had been involved in both accidents. In her complaint, Poe alleged that defendant-appellee Scott Ferguson was at fault in the accident that had occurred in May of 2004. Ferguson was insured by defendant-appellee Nationwide Insurance Company.
 {¶ 3} Poe settled her claims against the driver involved in the January 2004 accident. Poe then filed a notice of dismissal of all defendants with prejudice. But Poe had intended to dismiss only the defendant involved in the January accident, with whom she had already settled. Several months after filing the dismissal with prejudice, Poe realized what had occurred and filed a "Motion to Reinstate Claims." The Fergusons and Nationwide filed a motion in response to Poe's motion. And in her reply in support of her motion to reinstate her claims, Poe argued that Civ.R. 60(B) entitled her to relief from judgment.
 {¶ 4} In January of 2007, prior to the trial court's ruling on her motion for relief from judgment, Poe filed a second complaint against the Fergusons and Nationwide in the case numbered A-0700597. In this complaint, Poe essentially *Page 3 
reasserted the claims contained in her initial complaint. The Fergusons filed a motion to dismiss Poe's second complaint, arguing that the trial court lacked jurisdiction because Poe had already voluntarily dismissed her claims with prejudice, and that the statute of limitations had expired.
 {¶ 5} Following a hearing on the motions, the trial court granted the Fergusons' motion to dismiss Poe's second complaint and denied Poe's Civ.R. 60(B) motion.
 {¶ 6} Poe now argues in her sole assignment of error that the trial court's judgment was in error. Before analyzing Poe's assignment, we note that although Poe alleges that the trial court erred in denying relief under Civ.R. 60(B), she further alleges that the trial court erroneously determined that it had no ability to grant relief under Civ.R. 60(B). We disagree with Poe's interpretation of the court's reasoning. The trial court entertained the motion on whether Poe was entitled to relief from judgment in this case. And the court conducted a hearing on this exact issue. The trial court denied Poe's motion not because it believed that Civ.R. 60(B) could never be used in this type of case, but because it believed that Poe had failed to demonstrate that the rule actually entitled her to relief. Consequently, we review the propriety of the trial court's denial of Poe's motion for relief from judgment.
 Civ.R. 60(B) {¶ 7} A party seeking relief under Civ.R. 60(B) must demonstrate the following: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time."[1] *Page 4 
 {¶ 8} We review the trial court's ruling on the Civ.R. 60(B) motion for an abuse of discretion.[2] An abuse of discretion "connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court."[3]
 Motion for Relief from Judgment {¶ 9} In this case, Poe had sought relief under Civ.R. 60(B)(1) and 60(B)(5). Civ.R. 60(B)(1) entitles a party to relief for reasons of mistake, inadvertence, surprise or excusable neglect. Civ.R. 60(B)(5) is a catch-all provision, providing relief for "any other reason justifying relief from the judgment." Specifically, Poe argues that her counsel had mistakenly filed the dismissal with prejudice against the Fergusons, when counsel had only intended to dismiss the defendant involved in the earlier automobile accident.
 {¶ 10} Following our review of the record, we conclude that the trial court properly denied Poe's motion for relief from judgment. Civ.R. 60(B)(1) did not entitle Poe to relief. We do not believe that Poe's counsel intentionally dismissed the Fergusons with prejudice. But while the actions of Poe's counsel may have been a mistake and certainly were the product of neglect, we find no excusable neglect in this situation.
 {¶ 11} In Hill v. Ferguson, Hill had mistakenly dismissed her case against Ferguson with prejudice.[4] Hill filed a motion for relief from judgment, which the trial court granted. The Eighth Appellate District reversed, concluding that Hill had not been entitled to relief under Civ.R. 60(B)(1). The court specifically held that *Page 5 
"[m]istake, inadvertence, surprise or excusable neglect * * * by counsel does not entitle that party to relief from judgment."[5] We agree with this conclusion reached by the Eighth Appellate District.
 {¶ 12} The Ohio Supreme Court has held that, for purposes of Civ.R. 60(B)(1), "the neglect of a party's attorney will be imputed to the party."[6] In support of this conclusion, the court relied on the United States Supreme Court's statement that "[p]etitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have `notice of all facts, notice of which can be charged upon the attorney.'"[7] The Ohio Supreme Court has extended this holding with respect to neglect to other provisions of Civ.R. 60(B)(1), specifically mistake, inadvertence, and surprise.[8]
 {¶ 13} Thus, any mistake, neglect, or act of inadvertence committed by Poe's attorney in dismissing all defendants with prejudice was imputed to Poe, and Poe was not entitled to relief under Civ.R. 60(B)(1).
 {¶ 14} Nor was Poe entitled to relief under Civ.R. 60(B)(5). We are not persuaded that any other reason justified granting Poe relief from judgment, and we note that this provision was not designed to serve as a substitute when a more specific provision under Civ.R 60(B) is applicable.[9] *Page 6 
 {¶ 15} We further conclude that Poe failed to demonstrate that she had a meritorious claim to present if relief was granted. A movant must present operative facts in support of the proposed meritorious claim; mere general allegations are not sufficient.[10] Neither Poe's initial motion nor her reply, in which she had sought reinstatement of her claims and relief from judgment, contained elements of a meritorious claim. Poe stated, in a cursory fashion, the fact that an automobile accident had occurred, but she provided no affidavit or operative facts to demonstrate that she had a meritorious claim to present.
 {¶ 16} Because Poe failed to demonstrate that she had a meritorious claim to present, or that she was entitled to relief under Civ.R. 60(B)(1), we conclude that the trial court did not abuse its discretion in denying Poe's motion for relief.
 Motion to Dismiss Complaint {¶ 17} Nor did the trial court err in granting the Fergusons' motion to dismiss Poe's second complaint. The claims contained in the second complaint were filed beyond the applicable limitations period and had previously been dismissed with prejudice. Consequently, Poe could not have attempted to litigate them again.
 {¶ 18} Poe's assignment of error is overruled, and the judgments of the trial court are affirmed.
Judgments affirmed.
HILDEBRANDT, P.J., and CUNNINGHAM, J., concur.
[1] GTE Automatic Elec. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 150, 351 N.E.2d 113.
[2] Id. at 153.
[3] Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91, 437 N.E.2d 1199.
[4] (July 27, 1995), 8th Dist. No. 68052.
[5] Id.
[6] GTE Automatic Elec. v. ARC Industries, Inc., supra,47 Ohio St.2d at 153.
[7] Id. at 152, quoting Link v. Wabash RR. Co. (1962), 370 U.S. 626,633-634, 82 S.Ct. 1386.
[8] Argo Plastic Prod. Co. v. Cleveland (1984), 15 Ohio St.3d 389,392-393, 474 N.E.2d 328.
[9] See Mercy Franciscan Hosp. v. Willis, 1st Dist. No. C-030914,2004-Ohio-5058, at ¶ 4.
[10] See Poulos v. State Auto. Mut. Ins. Co., 1st Dist. No. C-020226, 2003-Ohio-2899, at ¶ 10. *Page 1