[Cite as *Union Sav. Bank v. James Martin Trucking*, 2012-Ohio-5758.]

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| UNION SAVINGS BANK, | : | APPEAL NO. C-120224<br>TRIAL NO. A-1100582 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| JAMES MARTIN TRUCKING, LTD, | : | |
| JAMES E. MARTIN a.k.a. JAMES E.<br>MARTIN, JR., | : | |
| JANE DOE, UNKNOWN SPOUSE OF<br>JAMES E. MARTIN a.k.a. JAMES E.<br>MARTIN, JR., | : | |
| | : | |
| GEORGIA LEE REEVES a.k.a.<br>GEORGIA L. REEVES, | : | |
| | : | |
| JOHN DOE, UNKNOWN SPOUSE OF<br>GEORGIA LEE REEVES a.k.a.<br>GEORGIA L. REEVES, | : | |
| | : | |
| ADRIAN R. REEVES, | : | |
| HERBERT R. SIES, | : | |
| BENNY MUNCY, | : | |
| CYNTHIA MUNCY, | : | |
| LYKINS OIL COMPANY, | : | |
| GENERAL ELECTRIC CAPITAL<br>CORPORATION, | : | |
| | : | |
| CITIBANK (SOUTH DAKOTA), N.A., | : | |
| STATE OF OHIO, DEPARTMENT OF<br>TAXATION, | : | |

UNITED STATES OF AMERICA,    :

   and    :

STATE OF OHIO, BUREAU OF    :
WORKERS' COMPENSATION,

    Defendants,    :

   and    :

T-MOBILE CENTRAL, LLC,    :

    Defendant-Appellee.    :

Civil Appeal From:  Hamilton County Common Pleas Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 7, 2012

*Graydon Head & Ritchey LLP, J. Michael Debbeler*, *Jeffrey M. Hendricks*, and *Brittany L. Griggs*, for Plaintiff-Appellant,

*Thompson Hine LLP*, *John B. Kopf III*, *Scott A. Campbell*, and *Jerry Vande Werken*, for Defendant-Appellee.

Please note:  This case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Presiding Judge.**

{¶1}   Plaintiff-appellant Union Savings Bank ("USB") has appealed the judgment of the Hamilton County Common Pleas Court denying its motion for partial relief from a decree of foreclosure.  For the following reasons, we affirm the judgment.

### *Factual Background*

{¶2}   In December 2004, James E. Martin, Jr., Georgia Lee Reeves, and Adrian R. Reeves executed a mortgage in favor of USB, granting a security interest in certain property, consisting of three parcels.  The mortgage was recorded on January 3, 2005, and was re-recorded on February 25, 2005.

{¶3}   On December 8, 2006, a memorandum of a lease was recorded.  The lease was made between Martin and defendant-appellee T-Mobile Central, LLC, ("T-Mobile") regarding one of the parcels covered by the USB mortgage.

{¶4}   In January 2011, USB named T-Mobile as a defendant in its foreclosure action on the mortgage.  T-Mobile filed an answer to the complaint, asserting its leasehold rights and interests, and seeking to have any sale of the property made subject to its interests.

{¶5}   The mortgagors did not file a responsive pleading to the foreclosure complaint, so USB sought a default judgment against them.

{¶6}   USB's attorney prepared a draft of a decree of foreclosure and circulated it to the parties who had filed a responsive pleading, including T-Mobile, for approval.  Counsel for T-Mobile proposed language to be added to the decree that ensured that its lease would survive the foreclosure sale and that any purchaser would take the property subject to T-Mobile's leasehold interests.

{¶7}   Shortly thereafter, USB's attorney responded that another lienholder would not agree to the proposed language unless T-Mobile agreed to make the terms of the lease

available for review by interested buyers. The lienholder's objection was resolved by adding language to that effect. USB's attorney did not consult with USB concerning the language or the priority claimed by T-Mobile. The trial court entered the decree on April 27, 2011.

{¶8} The decree was amended to address another defendant that had entered an appearance. The amendment did not change the language that had protected T-Mobile's interest in the property. The amended decree was entered May 10, 2011.

### USB's Motion for Relief from Judgment

{¶9} On June 30, 2011, USB sought partial relief from the amended decree of foreclosure pursuant to Civ.R. 60(B). USB claimed that several weeks after the decree had been entered, it discovered that the decree had essentially subordinated its lien to T-Mobile's leasehold interest.

{¶10} T-Mobile opposed the motion. A magistrate of the common pleas court denied the relief sought by USB. The trial court overruled USB's objections and adopted the magistrate's decision. USB appealed.

{¶11} In two assignments of error, USB argues that the trial court erred by denying its motion for relief pursuant to Civ.R. 60(B)(1) and (B)(5). Because the assignments of error are interrelated, we address them together.

### Civ.R. 60(B)

{¶12} To prevail on a Civ.R. 60(B) motion, the moving party must show that it has a meritorious defense or claim to present if relief is granted; it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976).

{¶13}  A trial court's decision on a motion for relief from judgment is reviewed for an abuse of discretion.  *Id.* at 150.  An abuse of discretion is " 'more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶14}  In this case, USB argues that it was entitled to relief under Civ.R. 60(B)(1), which allows a court to relieve a party from a final judgment for "mistake, inadvertence, surprise or excusable neglect."  USB contends that its attorney's conduct in failing to realize that the decree language proposed by T-Mobile could negatively impact USB constituted excusable neglect.

{¶15}  For purposes of Civ.R. 60(B)(1), any mistake, neglect, or act of inadvertence of an attorney must be imputed to the client.  *GTE* at 153; *Argo Plastic Prod. Co. v. Cleveland*, 15 Ohio St.3d 389, 392-393, 474 N.E.2d 328 (1984); *Poe v. Ferguson*, 1st Dist. Nos. C-070445 and C-070446, 2008-Ohio-1442, ¶ 13.  So any error, neglectful or otherwise, by USB's attorney in preparing the foreclosure decrees is imputed to USB.

{¶16}  Generally, "excusable neglect" results from an attorney's omission to do an act.  *See Len-Ran, Inc. v. Erie Ins. Group*, 11th Dist. No. 2006-P-0025, 2007-Ohio-4763, ¶ 30;  *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996).  But if an attorney's inaction can be labeled as a "complete disregard for the judicial system," the conduct is not excusable neglect.  *Kay* at 20, citing *GTE* at 153.  For example, we have held that a party did not demonstrate excusable neglect under Civ.R. 60(B)(1) where the party's attorney had failed to respond to a dispositive motion that he claimed had been lost in a shuffle of paperwork.  *Steinriede v. Cincinnati*, 1st Dist. No. C-100289, 2011-Ohio-1480, ¶ 7.

{¶17}  On the other hand, courts are not inclined to find excusable neglect in situations where an attorney's allegedly neglectful conduct is an affirmative act. *See Len-*

*Ran*, *supra*; *Social Psychological Servs., Inc. v. Magellan Behavioral Health, Inc.*, 10th Dist. No. 10AP-326, 2010-Ohio-6531. For instance, we have held that a party failed to demonstrate excusable neglect in a case where the attorney had inadvertently dismissed his client's claims with prejudice. *Poe, supra.*

{¶18} In this case, USB's attorney had affirmatively participated in the negotiation, drafting, and submission of two foreclosure decrees that subordinated USB's interest in the property to that of T-Mobile. The attorney's failure to recognize that the inclusion of the subordinating language could negatively impact his client did not constitute excusable neglect for purposes of Civ.R. 60(B)(1).

{¶19} USB also argues that the trial court erred by denying its motion for relief from the foreclosure judgment under Civ.R. 60(B)(5), which provides for relief from judgment for "any other reason justifying" the relief. This provision applies "only when a more specific provision does not apply." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). Because Civ.R. 60(B)(1) specifically addresses excusable neglect, there was no reason to invoke the less specific catchall provision of Civ.R. 60(B)(5).

### Conclusion

{¶20} Because USB failed to demonstrate that it was entitled to relief under Civ.R. 60(B)(1) or (B)(5), we hold that the trial court did not abuse its discretion by denying USB's motion for relief. We overrule both assignments of error and affirm the trial court's judgment.

Judgment affirmed.

CUNNINGHAM J., concurs.
FISCHER, J., dissents.

Please note:

The court has recorded its own entry on the date of the release of this opinion.