[Cite as *Mueller v. Hammann*, 2013-Ohio-5098.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CRAIG MUELLER, | : | APPEAL NOS. C-120799 |
| | | C-130231 |
| Plaintiff-Appellee, | : | TRIAL NO.  A-1206733 |
| vs. | : | *O P I N I O N.* |
| RICHARD HAMMANN, | : | |
| Defendant-Appellant, | : | |
| and | : | |
| WILLIAM C. HAMMANN, | : | |
| and | : | |
| MICHELLE HAMMANN, | : | |
| Defendants. | : | |

Civil Appeals From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  November 20, 2013

*Ronna S. Lucas* and *John E. Stillpass*, for Plaintiff-Appellee,

*William J. Mitchell* and *Ginger S. Bock*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**HILDEBRANDT**, **Judge.**

{¶1}   Defendant-appellant Richard Hammann appeals from the trial court's order entering a default judgment against him and awarding plaintiff-appellee Craig Mueller over $300,000 in damages.  Richard Hammann also appeals from the court's denial of his Civ.R. 60(B) motion to set aside the default judgment.   For the following reasons, we affirm the trial court's entry of a default judgment.  We reverse and remand the trial court's judgment on the Civ.R. 60(B) motion as it applies to the damage award.  We affirm that judgment in all other respects.

### Facts

{¶2}   Mueller obtained a $307,082.06 judgment against Richard Hammann's brother, William Hammann, but was unable to collect.  He later sued Richard and William, claiming that the brothers had engaged in a fraudulent transfer of 49 shares in Hammann Enterprises from William to Richard in an attempt to shield this asset from the judgment.  Mueller also alleged that Richard, William, and William's wife, Michelle Hammann, had conspired to abscond with and to shield William's assets.

{¶3}   Richard failed to respond to the lawsuit.  On the day that his answer to Mueller's complaint was due, attorney John Treleven contacted plaintiff's counsel, Ronna Lucas, and asked whether Lucas would agree to an extension if Richard were to retain Treleven.  Lucas answered that she would not.  Richard did not retain Treleven, and no answer or other pleading was ever filed by or on behalf of Richard. Approximately a week after Richard's answer was due, Mueller moved the court for a default judgment.  Mueller did not serve Richard with the motion.

**{¶4}** Several weeks later, before the trial court had ruled on Mueller's motion, Richard appeared at a settlement conference. At the conference, he stated that he was not represented by counsel and that he was not in need of counsel.

**{¶5}** A short time later, the trial court entered a default judgment against Richard. Richard moved the court to set aside the judgment under Civ.R. 60(B). The motion was denied. This appeal followed.

### The Default Judgment

**{¶6}** In Richard's first assignment of error, he claims that the trial court's entry of a default judgment must be reversed because Mueller had never served Richard with a copy of his motion for a default judgment.

**{¶7}** Richard asserts that we review his assigned error under the standard set forth by this court in *Fid. Fed. Sav. Bank v. Williamson*, 1st Dist. Hamilton No. C-940290, 1996 Ohio App. LEXIS 2620 (June 26, 1996). Specifically, Richard claims that, pursuant to *Williamson*, "an appeal from a default judgment entitles the appellant to a review of any asserted procedural or substantive error coalescing in the entry of that judgment." *Id.* at *14. But this language does not set forth a standard of review. It instead merely states what type of error an appellant may assert. It offers no guidance as to how that error should be analyzed. Based on the Ohio Supreme Court case of *Zuljevic v. Midland-Ross Corp. Unicast Div.*, 62 Ohio St.2d 116, 403 N.E.2d 986 (1980), we hold that an abuse of discretion standard of review applies. In *Zuljevic*, the Supreme Court determined that "Civ.R. 55, the default judgment rule, authorizes a court, in its discretion, to enter judgment in favor of a party seeking affirmative relief when 'a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend * * * .' " *Id.* at fn. 2. Since it is within the trial court's

3

discretion whether to grant a default judgment under Civ.R. 55, we review an appeal from a default judgment for an abuse of that discretion. An abuse of discretion implies that the trial court's judgment was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Turning to the merits of this case, we find no such error.

{¶8} In pertinent part, Civ.R. 55(A) provides that "[i]f the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." A default judgment entered in contravention of this rule must be reversed on appeal. *AMCA Internatl. Corp. v. Carlton*, 10 Ohio St.3d 88, 92, 461 N.E.2d 1282 (1984).

{¶9} For purposes of the notice requirement in Civ.R. 55(A), a party "appears" in an action where that party has demonstrated a clear intent to defend the action. *Miami Sys. Corp. v. Drycleaning Computer Sys., Inc.*, 90 Ohio App.3d 181, 185, 628 N.E.2d 122 (1st Dist.1993); *Miami Valley Hosp. v. Martin*, 12th Dist. Warren No. CA96-03-029, 1996 Ohio App. LEXIS 3584, *4 (Aug. 26, 1996). A court filing is unnecessary to constitute an "appearance," but in the absence of an answer or other pleading a defendant must have otherwise manifested a clear intent to defend the lawsuit. *See Miamisburg Motel v. Huntington Natl. Bank*, 88 Ohio App.3d 117, 125-126, 623 N.E.2d 163 (2d Dist.1993); *Baines v. Harwood*, 87 Ohio App.3d 345, 347, 622 N.E.2d 372 (12th Dist.1993).

{¶10} In this case, Richard never clearly indicated that he intended to defend Mueller's lawsuit. Treleven's phone call to Lucas posed a hypothetical question only, and Treleven had not been retained by Richard. Further, Richard did not express an

4

intent to defend the lawsuit on its merits by his mere presence at the settlement conference. *See Miami Valley Hospital, supra*. In fact, absent representations to the contrary, engaging in settlement discussions could reasonably be construed as an indication that a party did not wish to defend a lawsuit. Such is the case here.

{**¶11**} We therefore hold that the notice requirement of Civ.R. 55(A) did not apply in this case and that the trial court did not abuse its discretion in entering a default judgment against Richard. Richard's first assignment of error is overruled.

### The Civ.R. 60(B) Motion and the Merits of the Case

{**¶12**} In his second assignment of error, Richard argues that the trial court erred when it denied his Civ.R. 60(B) motion to set aside the judgment. We review this alleged error under an abuse of discretion standard. *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 7; *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{**¶13**} To prevail on a Civ.R. 60(B) motion, the movant must demonstrate a meritorious defense or claim, that relief is appropriate under one of the grounds stated in Civ.R. 60(B)(1) through (5), and that the motion was made within a reasonable time. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. In this case, Richard claims that he met all three requirements and that the trial court therefore should have granted his motion.

{**¶14**} We acknowledge that Richard moved to set aside the default judgment within a reasonable time. And he arguably asserted facts amounting to a "meritorious defense." However, Richard failed to establish that relief from the default judgment was appropriate as to the merits of Mueller's claims.

**{¶15}** Richard argues that his failure to respond to Mueller's lawsuit constituted "excusable neglect" under Civ.R. 60(B)(1) because he had reasonably relied on Treleven to appropriately respond. This argument is flawed for two reasons. First, Richard never retained Treleven to represent him. Second, even if an attorney-client relationship had been established, it is well-settled that the neglect of a party's attorney will be imputed to that party for the purposes of Civ.R. 60(B)(1). *GTE Automatic Electric* at 153; *Union Sav. Bank v. James Martin Trucking Ltd.*, 1st Dist. Hamilton No. C-120224, 2012-Ohio-5758, ¶ 15. In this case, absolutely no attempt was made by Richard to plead or to otherwise defend against Mueller's claims. This inaction amounted to a complete disregard for the judicial system. *See Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996); *GTE Automatic* at 153. It was therefore not "excusable neglect." *See Griffey*, 33 Ohio St.3d at syllabus, 514 N.E.2d 1122. And the trial court acted within its discretion in denying Richard's Civ.R. 60(B) motion as it pertained to the merits of Mueller's claims.

### The Civ.R. 60(B) Motion and the Damage Award

**{¶16}** We do, however, find error in the trial court's denial of Richard's Civ.R. 60(B) motion as it pertained to the damage award, and that relief from this portion of the default judgment should have been granted under Civ.R. 60(B)(5)—the "catch-all" provision of Civ.R. 60(B).

**{¶17}** The trial court awarded Mueller "$196,242.94 plus interest from February 2, 2010 at the daily rate of $150.96 and $110,839.12, plus interest from February 2, 2010 at the daily rate of $82.20 plus post judgment interest at the rate of 12% from April 13, 2010 * * * ." This award mirrors the damages awarded in Mueller's lawsuit against William.

6

{¶18} In *W2 Properties, LLC v. Haboush*, 196 Ohio App.3d 194, 2011-Ohio-4231, 962 N.E.2d 858, ¶ 27 (1st Dist.), we held that where damages in a default judgment are not supported by an evidentiary hearing or by evidence in the record, the trial court abuses its discretion in denying relief under Civ.R. 60(B)(5) from the damages portion of the default judgment.

{¶19} In this case, the trial court did not conduct a hearing. Mueller contends that the trial court's award is otherwise supported by the record because the requested damages were specifically set forth in the complaint and because Mueller's judgment against William is a part of the record. However, we are unable to discern how the amount of damages that Mueller suffered in his case against William is tantamount to the amount of damages Mueller suffered as a result of his claims against Richard. Nor are we able to discern why Richard should be responsible for the pre- and post-judgment interest awarded in Mueller's lawsuit against William.

{¶20} For these reasons, we hold that the trial court abused its discretion in failing to grant, in part, Richard's Civ.R. 60(B) motion and vacate the damages portion of the default judgment. Richard's second assignment of error is sustained, in part and overruled in part.

## Conclusion

{¶21} Despite Richard's failure to appear in the trial court and to defend against Mueller's claims, since the record contains an inadequate basis to support the amount of damages awarded, we reverse in part the judgment of the trial court denying Richard's motion for relief from the default judgment. Accordingly, we remand the case to the trial court for a hearing on the issue of damages. The trial court's judgment is affirmed in all other respects.

**HENDON, P.J.** and **DINKELACKER J.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.